IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY O. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV292 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DEFFENBAUGH INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Compel discovery (Filing No. 28). Deffenbaugh Industries, Inc. (Deffenbaugh) did not file a brief in support of the motion, however, the motion itself contains substantive arguments as well as supporting exhibits. The plaintiff did not file a brief in response. On July 28, 2009, the plaintiff, Mary O. Brown (Brown) filed a complaint in the District Court of Douglas County, Nebraska, seeking damages against her former employer, Deffenbaugh, for unlawful discrimination with respect to the terms and conditions of her employment alleging the plaintiff was denied a promotion due to her race. **See** Filing No. 1 - Ex. 1, ¶ 1. On August 25, 2009, the defendant filed a Notice of Removal to this court. **See** Filing No. 1 - Notice of Removal. On September 11, 2009, Deffenbaugh filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. **See** Filing No. 12. The motion was denied on December 14, 2009 (Filing No. 24). The defendant filed an Answer on February 1, 2010, denying the plaintiff's claims. **See** Filing No. 27. The instant motion to compel was filed on March 2, 2010.

## BACKGROUND

According to her complaint, the plaintiff began employment with Deffenbaugh in August, 1998, and held the position of Residential Supervisor until July 11, 2006. **See** Filing No. 1 - Ex. 1, ¶ 7. On or about January 21, 2005, the defendant's office manager quit. Together, the plaintiff and another individual assumed the duties of the office manager, with the plaintiff acting in a supervisory role. **Id.** at ¶ 8. On or about July 12,

2006, the plaintiff was denied a promotion to the new Office Manager position. **Id.** at ¶ 9. According to the plaintiff's complaint, the office manager position was never posted and, as such, the plaintiff did not have an opportunity to apply for the position. **Id.** The plaintiff then learned that the non-black person with whom she was previously sharing the office manager responsibilities was promoted to the Office Manager position. **Id.** at ¶ 10. The plaintiff's duties were subsequently changed to data entry and her hours were diminished. **Id.** The plaintiff is African American, and believes she was treated differently than other non-black employees and denied promotion due to her race. **Id.** at ¶ 13, 14. The plaintiff seeks declaratory relief, back pay, and compensatory damages under the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act of 1964. **Id.** at ¶ 1.

According to the defendant's motion to compel, on November 23, 2009, Deffenbaugh served its First Interrogatories and First Request for the Production of Documents on the plaintiff. **See** Filing No. 28, ¶ 3. Responses were due on December 28, 2009. **Id.** Having received no response, defendant's counsel sent an email to plaintiff's counsel on January 4, 2010, requesting a date when plaintiff's counsel expected to provide the plaintiff's responses. **Id.** at ¶ 4. Plaintiff's counsel did not reply and the defendant's counsel sent another email on January 13, 2010, again requesting the status of plaintiff's responses. **Id.** Plaintiff's counsel did not respond to the email request, but did indicate at the parties' Rule 26 conference in late January she would provide the responses "soon." **Id.** On February 15, 2010, plaintiff's counsel sent an email to the defendant's counsel requesting an extension of time until February 19, 2010, in which to provide responses, to which the defendant's counsel agreed. **Id.** at ¶ 5. As of the filing of the instant motion, the defendant still has not received any response to its First Interrogatories or First Request for the Production of Documents, nor has the defendant received any further communication from plaintiff's counsel. **Id.** at ¶ 6. The defendant states the plaintiff's failure to provide discovery responses is placing Deffenbaugh at a severe disadvantage in the litigation. **Id.** at ¶ 8.

## ANALYSIS

Federal Rule of Civil Procedure 33, Interrogatories to Parties, provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If an objection is made, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

With regard to production of documents and things, Federal Rule of Civil Procedure 34 provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

Fed. R. Civ. P. 34(b). This rule allows a party to serve any other party with a request to produce and permit the requesting party or its representative to inspect or copy designated documents or electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). The request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P.

3

34(b)(1)(A). "For each item or category [requested], the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The response must be in writing within 30 days of the requests' service. Fed. R. Civ. P. 34(b)(2)(A).

Here, the plaintiff was first served with the interrogatories and production request on November 23, 2009. Responses were due December 29, 2009. Defendant's counsel contacted the plaintiff's counsel regarding the outstanding discovery on January 2, 2010 and January 13, 2010, and was promised responses from plaintiff's counsel on February 15, 2010, to arrive by February 19, 2010. The plaintiff made no objection to production and failed to show either request was unduly burdensome. The plaintiff was required to respond to the interrogatories and document request within thirty days, but failed to do so. Based on the foregoing, and the plaintiff's lack of response to either the First Interrogatories or the First Request for the Production of Documents, the court finds the motion to compel should be granted.

Finally, Federal Rule of Civil Procedure 37, Sanctions, provides:

> If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v.*

4

*Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." *Id.* at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." *Id.*

Plaintiff shall be given an opportunity to show cause why sanctions should not be imposed in this matter. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Compel (Filing No. 28) is granted. Plaintiff shall have until **on or before April 26, 2010**, to respond to the defendant's First Interrogatories and First Request for the Production of Documents.

2. The plaintiff shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a)(4)(A). Plaintiff's response is due **on or before April 26, 2010**.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 24th day of March, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.