# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARY O. BROWN,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV292 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **DEFFENBAUGH INDUSTRIES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court *sua sponte* upon review of the plaintiff's show cause (Filings No. 32 and 33) why sanctions should not be imposed pursuant to the court's order dated March 24, 2010 (Filing No. 30) for failure to respond to the defendant's interrogatories and request for production of documents. Plaintiff submits that during the course of collecting documents for production to the defendant, her cousin was tragically murdered on February 6, 2010. **See** Filing No. 32. The funeral for said cousin was held on February 19, 2010. **Id.**

    The plaintiff, Mary O. Brown (Brown) filed her complaint in the District Court of Douglas County, Nebraska, on July 28, 2009,. **See** Filing No. 1 - Ex. 1, ¶ 1. On August 25, 2009, the defendant, Deffenbaugh Industries, Inc. (Deffenbaugh), filed a Notice of Removal to this court. **See** Filing No. 1 - Notice of Removal. On September 11, 2009, Deffenbaugh filed a Motion to Dismiss. **See** Filing No. 12. The motion was denied on December 14, 2009 (Filing No. 24). The defendant filed an answer on February 1, 2010, denying the plaintiff's claims. **See** Filing No. 27.

    According to the defendant's motion to compel, Deffenbaugh served its First Interrogatories and First Request for the Production of Documents on the plaintiff on November 23, 2009. **See** Filing No. 28, ¶ 3. Her responses were due on December 28, 2009. **Id.** Having received no response, defendant's counsel sent an email to plaintiff's counsel on January 4, 2010, requesting a date when plaintiff's counsel expected to provide the plaintiff's responses. **Id.** at ¶ 4. Plaintiff's counsel did not reply and the defendant's

counsel sent another email on January 13, 2010, again requesting the status of plaintiff's responses. **Id.** Plaintiff's counsel did not respond to the email request, but did indicate at the parties' Rule 26 conference in late January she would provide the responses "soon." **Id.** On February 15, 2010, plaintiff's counsel sent an email to the defendant's counsel requesting an extension of time until February 19, 2010 in which to provide responses, to which the defendant's counsel agreed. **Id.** at ¶ 5. Having received no response, the defendant filed a motion to compel on March 2, 2010. **See** Filing No. 28. The court granted the defendant's motion on March 24, 2010 with an order for plaintiff to show cause why sanctions should not be imposed for the delay. **See** Filing No. 30. The plaintiff filed a certificate of service on April 26, 2010 (Filing No. 31) stating the plaintiff responded to the defendant's interrogatories and request for production of documents on March 19, 2010.

>   Fed. R. Civ. P. 37(a)(4)(A) provides:
>
>> If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." *Id.*

The plaintiff disregarded her duty under the rules and failed to provide timely responses to discovery, not withstanding her cousin's untimely death. The plaintiff's explanation for her failure to respond is perhaps justified for the period from February 6, 2010, her cousin's death, to March 19, 2010, when she ultimately provided answers to interrogatories and documents to the defendant. The plaintiff's original responses were due December 28, 2009, however. The plaintiff's failure to provide discovery responses caused unnecessary expense, delay, and court intervention and required the defendant to file a motion to compel. The court acknowledges the discovery responses were provided before the court's order was entered and sanctions threatened; however, the delay was too long. Accordingly, the court finds the defendant should be granted reasonable expenses for filing the motion to compel. **See** Fed. R. Civ. P. 37(a)(4)(A). Upon consideration,

**IT IS ORDERED:**

1.   The defendant, Deffenbaugh Industries, is awarded reasonable costs and attorney's fees in bringing the motion to compel (Filing No. 28).

2.   Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before May 12, 2010,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the defendants may file **on or before May 12, 2010,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. The plaintiffs shall have **until on or before May 26, 2010,** to respond to the defendant's application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to

timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 28th day of April, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.